# In the United States Court of Federal Claims

No. 17-1812C
(Filed: December 28, 2018)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| **GIESECKE & DEVRIENT GMBH,** | |
| Plaintiff, | **Patent Infringement; Motion for Leave to Amend Complaint; Voluntary Withdrawal of Claims; Dismissal Without Prejudice; Rule 15; Rule 41.** |
| v. | |
| **THE UNITED STATES,** | |
| Defendant, | |
| **CSRA, INC.,** | |
| Third-Party Defendant, | |
| **UNISYS CORP.,** | |
| Third-Party Defendant, | |
| **IDEMIA IDENTITY & SECURITY USA, LLC,** | |
| Third-Party Defendant, | |
| **HID GLOBAL CORP.,** | |
| Noticed Nonparty. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Jay Forrest Utley, Baker & McKenzie, LLP, 2001 Ross Avenue, 2300 Trammell Crow Center, Dallas, TX 75201, for Plaintiff.

Joseph H. Hunt, Gary L. Hausken, Michel Elias Souaya, and Philip Charles Sternhell, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant. Conrad J. DeWitte, Jr., U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, Of Counsel.

Holmes J. Hawkins, III, King & Spalding, LLP, 1180 Peachtree Street, N.E., Atlanta, GA 30309, for Third-Party Defendant CSRA, Inc.

    <u>Goutam Patnaik</u>, Pepper Hamilton LLP, 600 Fourteenth Street, N.W., Washington, D.C. 20005, for Third-Party Defendant Unisys Corporation.

    <u>Richard Louis Brophy</u>, Armstrong Teasdale, LLP, 7700 Forsyth Boulevard, Suite 1800, St. Louis, MO 63105, for Third-Party Defendant Idemia Identity & Security USA, LLC.

    <u>Lionel M. Lavenue</u>, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Two Freedom Square, 11955 Freedom Drive, Reston, VA 20190, for noticed nonparty HID Global Corporation.

---

**OPINION AND ORDER**

---

**WILLIAMS**, Senior Judge.

    In this action, Plaintiff, Giesecke+Devriant GmbH ("Giesecke") asserts that Defendant infringed its patent through use and manufacture of ePassports, United States Passport Cards, Permanent Resident Cards, and Global Entry Cards—technologies that utilize microchips to authenticate the identity of cardholders. Giesecke asserts that ePassports and the card technologies infringe claims, including but not limited to, 1, 2, 5, 14, 15, 21, and 24, of Patent No. 7,837,119 ("the '119 Patent"). Plaintiff seeks to amend its complaint to withdraw its infringement claims as to the card technologies—the Passport Cards, Permanent Resident Cards, and Global Entry Cards.

    Before Plaintiff sought to amend its complaint, HID Global Corporation ("HID"), which had received a notice of this action pursuant to RCFC 14(b)(1), had filed a motion to dismiss Plaintiff's infringement claims. HID asks the Court to dismiss Plaintiff's withdrawn claims with prejudice.

    For the reasons described below, the Court grants Giesecke's motion for leave to amend the complaint and dismisses the withdrawn claims without prejudice.

**Background**

    On November 17, 2017, Giesecke filed its initial complaint. The Court granted Defendant's motion to notify interested parties on April 2, 2018. Giesecke filed its first amended complaint on April 6, 2018. HID responded to the Court's Notice to Third Parties on July 9, 2018, by filing a motion to dismiss all allegations in Plaintiff's First Amended Complaint. Between June 20, 2018, and July 20, 2018, Unisys Corporation, CSRA, Inc., and Idemia Identity & Security USA LLC were joined as third-party Defendants. On October 16, 2018, Giesecke filed its motion for leave to file a second amended complaint, and the Court held a hearing on the pending motions on October 30, 2018.

**Discussion**

    Plaintiff does not seek to add new claims, but instead, to remove its claims involving the card technologies and elucidate the remaining claims. HID opposes Plaintiff's request to amend

its complaint, but in the event the Court grants leave to amend, requests that the withdrawn claims be dismissed with prejudice.

"Whether a court grants or denies a motion for leave to amend the complaint falls within its discretion, and a court 'ought to exercise liberally its discretion to grant leave to amend.'" Cebe Farms, Ind. v. United States, No. 05-965C, 2012 WL 294666, at *1 (Fed. Cl. Jan. 31, 2012) (quoting Wolfchild v. United States, 101 Fed. Cl. 54, 64 (2011), aff'd in part, rev'd in part on other grounds, 731 F.3d 1280 (Fed. Cir. 2013)). "The court should freely give leave when justice so requires." RCFC 15(a)(2). In Foman v. Davis, the Supreme Court articulated reasons warranting a denial of leave to amend: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility. 371 U.S. 178, 182 (1962).

HID contends that Giesecke unduly delayed withdrawing the infringement claims involving card technologies. The record does not support HID's claims of undue delay as the parties agreed that the time for seeking leave to amend pleadings would not expire until 60 days after submission of infringement contentions, and infringement contentions have not yet been submitted.

HID further argues that Giesecke "has acted in a manner that does not suggest good faith," by including the withdrawn products, without any factual basis, in its complaints, contrary to its "pre-filing obligation under RCFC 11(b) to actually investigate and compare each of the accused products with the patent claims." HID's Resp. 9 (emphasis in original). HID argues that it has suffered prejudice by expending "significant time and resources developing" its motion to dismiss and associated briefing, its Rule 11 correspondence with Plaintiff's counsel, and its response to Giesecke's motion for leave to amend. Id. at 10. At this early stage of litigation, HID has articulated no persuasive reason to force the parties to litigate claims Plaintiff wants to drop. Preparation of these threshold motions and related Rule 11 correspondence based upon the pleadings does not warrant denial of leave to amend the complaint. See Tr. 27, 62 (Oct. 30, 2018). HID has failed to establish undue delay, prejudice, repeated pleading deficiencies, or futility of the amendment, and the proposed amendment merely eliminates allegations that have not been the subject of discovery or merits briefing. As such, leave to amend the complaint is granted.

Alternatively, HID asks the Court to take an unusual tack and dismiss the withdrawn claims with prejudice. Under Rule 41, however, where the plaintiff voluntarily seeks dismissal of an action by court order, dismissal "is without prejudice" unless the Court order expressly states otherwise. RCFC 41(a)(2). There are exceptions to this general rule where a party would be prejudiced by a dismissal without prejudice - - such as a scenario where the merits of a claim had been extensively litigated. See Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969) (finding that the plaintiff's tactic of attempting to deprive the defendant of a ruling on its summary judgment motion supported denial of the plaintiff's motion to dismiss without prejudice); Estate of Ware v. Hosp. of the Univ. of Pa., 871 F.3d 273, 285-86 (3d Cir. 2017) (denying motion to withdraw claims where the case had been litigated to the summary judgment stage). Thus, in determining the propriety of dismissing Plaintiff's card-based technology infringement claims "without prejudice," this Court must consider the extent to which this litigation has progressed. Checkpoint Sys., Inc. v. Hangzhou Century Co., No. 5:11CV1199, 2012 WL 2159257 (N.D. Ohio June 13, 2012). In Checkpoint, the Court dismissed the plaintiff's copyright claim without prejudice because the

litigation was "still in the early stages, no dispositive motions [had] been filed, and no trial date [had] been set." Id. at *4. The instant case is also in the early stages of litigation, as the parties have not yet sought discovery or submitted their positions on claim construction. Pl.'s Reply 4. This is not a situation where the case is on the brink of a judgment resolving the withdrawn claims on the merits or where HID has established other factors warranting a final dismissal of the withdrawn claims. In short, this litigation has not proceeded to the point where the parties have expended significant resources litigating the merits of the case such that a dismissal without prejudice would be wasteful or unfair.

HID argues that absent a final dismissal with prejudice, it will "suffer continuing prejudice due to the uncertain, unresolved, and continuing nature of [Giesecke's] potential claims against the Withdrawn Products" and that HID will bear expenses associated with monitoring the matter as it proceeds in its absence. HID's Resp. 11 (internal footnote omitted); Tr. 26, 32-33. The "mere prospect of a second lawsuit" is, however, insufficient to depart from the general rule of dismissing claims without prejudice when a suit is in the early stages of litigation. See, e.g., Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc., 799 F.3d 437, 448 (5th Cir. 2015) (upholding trial court's dismissal of defendant's counterclaims without prejudice because plaintiff failed to allege "any potential prejudice other than the prospect of additional litigation") (internal citation and quotation marks omitted). Given the posture of this action, HID has failed to demonstrate that the Court should take the unusual step of dismissing the withdrawn claims with prejudice.

## Conclusion

Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**, and its Second Amended Complaint is accepted for filing this date.

HID's Motion to Dismiss is **DENIED AS MOOT**.

Plaintiff's withdrawn claims are **DISMISSED WITHOUT PREJUDICE**, and HID is not joined as a third-party defendant.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**