# In the United States Court of Federal Claims

No. 17-1812
(Filed: 22 October 2020[*])

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GIESECKE+DEVRIENT GMBH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

Patent Infringement; Motion for
Attorneys' Fees; 35 U.S.C. § 285;
28 U.S.C. § 1498; Jurisdiction.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

**HOLTE**, **Judge**.

Plaintiff Giesecke & Devrient GmbH ("Giesecke") filed the present action alleging the government infringed U.S. Patent No. 7,837,119 (the "'119 patent"). After receiving notice pursuant to Rule 14 of the Rules of the Court of Federal Claims ("RCFC"), third-party HID Global Corporation joined the case by filing a Rule 12(b)(6) motion to dismiss. Giesecke sought leave to amend the complaint prior to the Court's resolution of HID's motion to dismiss, removing allegations of infringement implicating HID-origin products. HID moved for an award of attorneys' fees as a result of its involvement in this case. After bifurcating the issues of entitlement to, and quantum of, attorneys' fees, this Court issued an opinion and order granting HID entitlement to attorneys' fees pursuant to 35 U.S.C. § 285. Following transfer of this case to the undersigned Judge, additional briefing was ordered regarding the Court's jurisdiction to award attorneys' fees pursuant to § 285. The Court held oral argument on the jurisdictional issue. For the following reasons, the Court finds it lacks jurisdiction to award attorneys' fees pursuant to 35 U.S.C. § 285.

## I. Factual and Procedural History

### A. Plaintiff's Patent Infringement Claim

Giesecke, a German technology company offering "pioneering passport technologies," is the owner of U.S. Patent No. 7,837,119 ("the '119 patent"), entitled "Contactless Data Carrier." *See* Pl. Giesecke's First Am. Compl. ¶¶ 2, 9, ECF No. 13 ("First Am. Compl.). The '119 patent

---

[*] This opinion was initially filed under seal on 14 October 2020. The Court provided the parties 7 days to submit proposed redactions, if any, before the opinion was released for publication. Neither party proposed redactions. This opinion is now reissued for publication in its original form.

"generally describes the apparatuses and methods for reliably determining the deliberate use of a contactless data carrier," which are defined as "all arrangements[] which have a microchip and an antenna connected to [them] . . . and are adapted to exchange data with a suitable reading device." *Id*. ¶¶ 12, Ex. A at 7. The contactless data carriers "include 'contactlessly readable identification documents, such as passports and identity cards with built-in microchip as well as . . . RFID [Radio Frequency Identification] labels.'" Opinion and Order at 2, ECF No. 137 ("Order on Att'y Fees"). Giesecke alleges the government infringes the '119 patent through the use of "electronically enabled machine readable travel documents (eMRTDs) . . . such as . . . United States Passport Cards, Permanent Resident Cards (a.k.a Green Cards), and Global Entry cards." Compl. ¶ 20. Third-party defendant HID "provides the United States with . . . Permanent Resident Cards . . . and Global Entry cards." Order on Att'y Fees at 2.

## B. Plaintiff's Action Pursuant to 28 U.S.C. § 1498

Plaintiff filed the present action on 17 November 2017. *See* Compl., ECF No. 1. On 16 March 2018, the government filed an unopposed motion to notify interested parties pursuant to RCFC 14(b). *See* The United States' Unopposed Mot. for Notice to Third Parties Pursuant to Rule 14(b), ECF No. 7. HID was one of 35 third parties to receive notice pursuant to RCFC 14(b). *See id* at 1–5. The Court granted the government's unopposed motion on 2 April 2018, with notice being sent to the interested third parties on 4 April 2018. *See* Order, ECF No. 10; Notice to Third Parties Pursuant to Rule 14(b)(1), ECF No. 11.

On 6 April 2018, plaintiff filed a first amended complaint. *See* First Am. Compl., ECF No. 13. Prior to answering the complaint, on 9 July 2018, HID filed a Rule 12(b)(6) motion to dismiss "all allegations in the First Amended Complaint." HID Global Corporation's Rule 12(b)(6) Mot. to Dismiss at 1, ECF No. 41 ("HID MTD"). HID argued plaintiff "fail[ed] to allege *any facts* to support the claims of infringement." *Id.* at 7 (emphasis in original). Additionally, HID "reserve[d] the right to" file a motion for sanctions against plaintiff under Rule 11 for failing to conduct an adequate prefiling investigation under Rule 11(b). *Id*. at 8 n.3.[1] On 6 August 2018, plaintiff filed its opposition to HID's motion to dismiss, arguing "the [complaint] makes the well-supported allegation that the [card-based products] . . . meet the limitations of the asserted claims." *See* Pl. Giesecke's Resp. in Opp'n to HID Global Corporation's Rule 12(b)(6) Mot. to Dismiss at 12, ECF No. 44 ("Pl. Opp'n to MTD"). HID filed a reply brief in support of the motion to dismiss on 20 August 2018. *See* HID Global Corporation's Reply in Supp. of Rule 12(b)(6) Mot. to Dismiss, ECF No. 45 ("HID Reply in Supp.").

Following the completion of briefing on HID's motion to dismiss, plaintiff filed a motion for leave to file a second amended complaint to drop the claims against the card-based products. Pl. Giesecke's Mot. for Second Am. Compl., ECF No. 52. HID filed a response in opposition to plaintiff's motion to file a second amended complaint on 24 October 2018. *See* HID's Resp. to Pl.'s Mot. for Leave to File Second Am. Compl., ECF No. 54 ("HID Opp'n to Mot. to Am. Compl."). HID argued "having the claims against the card-based products dismissed without

---

[1] On 26 September 2018, HID notified plaintiff it was "preparing a motion for sanctions against [plaintiff] under Rule 11." Order on Att'y Fees at 5. Despite HID providing such notice, it never filed a Rule 11 motion for sanctions.

prejudice would leave" open the possibility of plaintiff bringing the card-based products back into the case at a later date.  Order on Att'y Fees at 5; (citing Tr., ECF No. 58).  Rather than allow plaintiff to amend the complaint for a second time, HID asked this court to "deny [plaintiff's] motion for leave to amend in its entirety or, at a minimum, dismiss any withdrawn claims with prejudice."  HID Opp'n to Mot. to Am. Compl. at 1.  On 28 December 2018, this Court granted plaintiff's motion to file a second amended complaint.  *See* Order, ECF No. 59 ("Order on Second Am. Compl.").  Plaintiff "sought to withdraw [claims] against several accused card-based technologies—including HID's," and this court dismissed said claims "without prejudice."  Order on Att'y Fees at 6; s*ee also* Order on Second Am. Compl.  Further, the court denied HID's motion to dismiss with prejudice as moot because "dismissal of the withdrawn claims with prejudice [would be] . . . inappropriate given that no adjudication of these claims had occurred."  Order on Att'y Fees at 6 (citing *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir 2004)).

### C. HID's Motion for Attorneys' Fees

On 28 January 2019, HID filed a motion for attorneys' fees and costs resulting from its involvement in this case.  *See* HID's Motion for Attorneys' Fees and Costs ECF No. 63 ("Mot. for Att. Fees").  HID sought to recover its "attorney fees and costs under 35 U.S.C. § 285, or, in the alternative, this Court's inherent authority."  Order on Att'y Fees at 6.  Concerning its § 285 request, HID argued both it is a prevailing party "because its motion to dismiss caused plaintiff to drop" its claims against HID, and this case is exceptional in part because plaintiff "failed to conduct an adequate prefiling investigation."  *Id.*  HID also filed a motion to bifurcate the issues of entitlement to, and quantum of, attorneys' fees.  *See* HID Global Corporation's Mot. to Bifurcate Issues of Entitlement to and Quantum of Att'ys' Fees, ECF No. 62.

On 25 February 2019, plaintiff responded in opposition to HID's motion for attorneys' fees.  *See* Pl.'s Resp. to HID's Mot. for Att'ys' Fees and Costs, ECF No. 72 ("Opp'n to Mot. for Att'y Fees").  On 27 February 2019, this court granted HID's motion to bifurcate the issues of entitlement to, and quantum of, attorneys' fees.  *See* Order, ECF No. 76.  This court heard oral argument on the issue of entitlement to attorneys' fees on 8 July 2019.  *See* Tr., ECF No. 111 ("Fee Hr'g Tr.").  At oral argument, this court raised jurisdictional concerns regarding "disputes solely involving private entities for money damages" before determining "if the Court doesn't have the authority to issue an opinion in this case, it would really eviscerate the authority of the Court to control its own docket . . . [and] discourage" frivolous cases.  *Id.* at 86.  In "an off-record colloquy," this court granted HID's motion as to entitlement to attorneys' fees.  Order on Att'y Fees at 6.

On 29 July 2019, this case was reassigned to the undersigned Judge.  *See* Order, ECF No. 116.  Also on 29 July 2019, "counsel for HID and Giesecke informed the Court they wished to pursue settlement as to the quantum of any Section 285 fees [with Judge Mary Ellen Coster Williams] through the Court of Federal Claims' Alternative Dispute Resolution ('ADR') program."  Order on Att'y Fees at 7 (citing Order, EFC No. 118).  Accordingly, HID's motion for attorneys' fees was referred to Judge Williams for ADR proceedings.  Order, ECF No. 118.  ADR proceedings proved unsuccessful.  On 24 January 2020, Judge Williams issued an opinion memorializing her July 2019 ruling from the bench granting HID entitlement to attorneys' fees,

finding "HID is entitled to attorney fees under Section 285." Order on Att'y Fees at 13 n.12 ("HID is entitled to fees under Section 285, [so] the Court does not reach HID's argument seeking attorney fees based on the Court's inherent authority."). The 24 January order did "not address the issue of quantum" of attorneys' fees. *Id.* at 7.

On 10 February 2020, with ADR complete and the entirety of the case now before the undersigned Judge, HID filed its motion for quantum of attorneys' fees and costs. *See* HID's Mot. for Quantum of Att'y's Fees and Costs, ECF No. 140. On 9 March 2020, plaintiff filed its response to HID's motion. *See* Pl.'s Resp. in Opp'n to HID Global Corporation's Mot. for Quantum of Att'y's Fees and Costs, ECF No. 145 ("Pl. Opp'n to HID's Mot. for Quantum"). Therein, plaintiff raised the question of this Court's jurisdiction to award attorneys' fees, expenses, and costs to third-party defendants under § 285. *Id.* at 5. HID filed a reply brief in support of its motion for quantum of attorneys' fees on 23 March 2020. *See* HID Global Corporation's Reply in Supp. of Mot. for Quantum of Att'y's Fees and Cost, ECF No. 147. On 30 March 2020, the Court held a telephonic status conference with the parties. *See* Tr., ECF No. 155. During the 30 March status conference, the undersigned Judge discussed possible jurisdictional issues regarding HID's motion for attorneys' fees, as first noted by the previous judge assigned to this case. *See id.; see also* Fee Hr'g Tr.

As the issue of whether the Court of Federal Claims has jurisdiction to award attorneys' fees to a third party or noticed nonparty pursuant to 35 U.S.C. § 285 was not fully briefed prior to the decision on entitlement to attorneys' fees, the Court ordered supplemental briefing on the issue. Order, ECF No. 151; *see also* Tr., ECF No. 155 (Judge Ryan T. Holte: "[B]efore we can move on to a quantum issue . . . we will need to brief the jurisdictional aspect of attorneys' fees in the Court of Federal Claims under Section 285."). On 29 April 2020, HID filed an initial supplemental brief on the jurisdictional issue regarding § 285. *See* HID Global Corporation's Initial Suppl. Br. on Jurisdiction, ECF No. 156 ("HID Initial Suppl. Br."). Also on 29 April, plaintiff filed its initial supplemental brief on the jurisdictional issue. *See* Pl.'s Initial Suppl. Br. on Jurisdiction, ECF No. 157 ("Pl.'s Initial Suppl. Br."). On 20 May 2020, HID, plaintiff, and the government each filed a response brief on the jurisdictional issue. *See* Pl.'s Resp. Suppl. Br. on Jurisdiction, ECF No. 158 ("Pl.'s Resp. Suppl. Br."); Def.'s Resp. to HID Global Corp.'s and Pl.'s Suppl. Br. on Jurisdiction, ECF No. 160 ("Gov't Suppl. Br."); HID Global Corporation's Resp. Suppl. Br. on Jurisdiction, ECF No. 161[2] ("HID Resp. Suppl. Br."). The Court held oral argument on the jurisdictional issue 8 July 2020. *See* Tr., ECF No. 165 ("Jurisdiction Hr'g Tr.").

## II. Parties' Arguments

This court awarded HID attorneys' fees pursuant to 35 U.S.C. § 285. *See* Order on Att'y Fees at 2. HID alleges this Court can grant attorneys' fees and costs "under § 285 . . . or in the alternative . . . its inherent authority." HID Initial Suppl. Br. at 15. As this court awarded attorneys' fees to HID under § 285, however, the Court directed the parties to only address the issue of attorneys' fees under § 285 in the supplemental briefing on the Court's jurisdiction. *See* Order, ECF No. 151. Accordingly, the Court only considers HID's arguments regarding jurisdiction pursuant to § 285.

---

[2] HID's response brief on the jurisdictional issue filed 20 May 2020 was originally filed as ECF No. 159, but it was re-docketed later that same day to correct a filing error.

HID contends the Court's subject matter jurisdiction over the patent infringement action pursuant to 28 U.S.C. § 1498 is sufficient to support an award of attorneys' fees under § 285. *See* HID Initial Suppl. Br. at 10. As the request for an award of attorneys' fees is "'not a judgment on the merits of an action,' but instead is 'the determination of a collateral issue," the Court's jurisdiction pursuant to § 1498 is sufficient. *Id*. at 10 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)) (emphasis omitted). HID further argues § 1498 is a "limited waiver of sovereign immunity" that "does not limit the prerogatives or rights available to the Government." *Id.* at 1. Instead, according to HID, § 1498 only "prescribes specific remedies available to patent owners from the Government for patent infringement," while leaving the government free to use "any defense available to a private party." *Id.* at 1, 6 (quoting S. Rep. No. 80-1559 (1948)). Additionally, HID argues "consistent with this . . . reasoning, although § 1498 does not expressly list the remedies under Title 35, the Government (and third-party defendants) is nevertheless entitled to those remedies . . . absent clear statutory disavowal." *Id*. at 7–8. Extending this claim to third-party defendants, HID asserts a "noticed third-party defendant[] who share[s] aligned interests with and steps into the shoes of the Government ought to have the same defenses and remedies available as the Government." *Id.* at 5 (citing *S. Cal. Edison Corp. v. United States*, 43 Fed. Cl.107, 115 (1999)). Lastly, in an appeal to public policy, HID notes § 285 is important because "[i]t is good policy to deter parties from bringing exceptional patent cases that force taxpayers to foot the bill." HID Initial Suppl. Br. at 13.

In response, plaintiff argues this Court's jurisdiction extends only to "claims against the United States." *See* Pl.'s Initial Suppl. Br. at 6. Plaintiff alleges this Court's limited jurisdiction does not allow it to pass judgement on "controversies between private parties, such as HID's statutory claim for attorneys' fees against Giesecke." *Id.* at 1. Further, plaintiff disagrees with HID's characterization of § 1498's waiver of sovereign immunity and argues the statute defines "the types of relief that may be granted by the Court of Federal Claims in a patent infringement suit, as well as the limited circumstances under which attorneys' fees may be awarded *to the patent holder*." *Id.* (emphasis added). Plaintiff goes on to note, "none of those limited circumstances [in which fees may be awarded] is present here." *Id.* In addition to its general contention a defendant cannot seek attorneys' fees under § 285 in a § 1498 action, plaintiff is explicit in noting HID's "step into the shoes" argument has been previously considered and rejected by this court. Pl.'s Resp. Suppl. Br. at 2 ("Third-party defendants argue that in seeking costs and attorney's fees they 'stand in the shoes' of the government. This argument is unpersuasive.") (quoting *Lemelson v. United States*, 8 Cl. Ct. 789, 791–92 (1985)) (emphasis omitted). Indeed, plaintiff contends HID voluntarily entered the action as a "nominal defendant[]" against whom no claim could be filed "because of the Court's limited subject matter jurisdiction," and thus HID cannot seek fees against the plaintiff in such an action. *Id.* at 2–3. In summary, plaintiff argues "there is not a single case in the history of this Court that has made" the type of fee award HID requests. *Id.* at 1.

The government, acknowledging the Court of Federal Claims as a court of limited jurisdiction, states "precedent clearly establishes that a claim for attorneys' fees under 35 U.S.C. § 285 may not be made against the Government." Gov't Suppl. Br. at 2–3. The government notes, however, it may recover fees pursuant to alternative authorities, such as RCFC 11, RCFC 37, or the Court's inherent authority. *Id.* at 5–6. The government thus repeatedly refers to the

fee award as a "sanction," recognizing HID has a "real and potential interest" in this litigation. *Id.* at 6.[3]

## III. This Court's Jurisdiction Regarding § 285 at this Stage of the Proceedings

### A. Subject Matter Jurisdiction

Plaintiff raised for the first time, in response to HID's motion for quantum of attorneys' fees, whether the Court of Federal Claims has subject matter jurisdiction to award attorneys' fees pursuant to 35 U.S.C. § 285.  *See* Pl.'s Opp'n to HID's Mot. for Quantum at 1.  Although this court previously noted possible jurisdiction-related concerns, whether an award of fees under § 285 is within the jurisdiction of the Court of Federal Claims was never conclusively decided. Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  "'[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'"  *Arbaugh v. Y&H Corp*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised at any stage in the litigation . . . ."  *Id.* at 506; *see also Central Pines Land Co., L.L.C. v. United States*, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("[a]n objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation").  Thus, "courts must always look to their jurisdiction, whether the parties raise the issue or not."  *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997).

### B. Jurisdictional Requirements for a 28 U.S.C. § 1498 Claim

This Court's jurisdiction over patent infringement suits extends from 28 U.S.C. § 1498, which waives the government's sovereign immunity "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same."  28 U.S.C. § 1498(a).  Section 1498, therefore, "creates an independent cause of action for direct infringement by the Government or its contractors that is not dependent on 35 U.S.C. § 271(a)." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1326–27 (Fed. Cir. 2012).  This limited waiver of sovereign immunity "must be strictly construed in favor of the United States" such that "any ambiguity in the statute must be resolved in favor of immunity."  *Id.* at 1318 (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

While § 1498 "authorizes the Government to take, through exercise of its power of eminent domain, a license in any United States patent," it also provides "the *sole* remedy available to a patentee for an eminent domain taking of a license in his patent," namely, "reasonable and entire compensation."  *De Graffenried v. United States*, 228 Ct. Cl. 780, 783 (1981) ("*De Graffenried I*") (emphasis in original) (quoting *Decca Ltd. v. United States*, 225 Ct. Cl. 326 (1980) (*cert denied*, 454 U.S. 819 (1981)); *see also* 28 U.S.C. 1498(a).  The text of

---

[3] The government further contends "the Court may enter a fee award in favor of a third party under the Court's Rules or its inherent authority." *Id.* (citing *Thornton-Trump v. United States*, 12 Cl. Ct. 262, 263 (1987)) ("*Thornton-Trump II*").  As with HID's arguments regarding the Court's inherent authority to award attorneys' fees, however, the Court does not address this issue at this time.

§ 1498 does not, however, contain language affording defenses or remedies to the government or third-party defendants in infringement cases.[4]  *See e.g.*, *Earth Res. Corp. v. United States*, 44 Fed. Cl. 274, 281 (1999) ("Provisions [in § 1498] . . . relating to [the] right of the United States to any general or special defense available to defendants in patent infringement suits, were omitted.").  Following revisions to the statute in 1948,  "provisions . . . relating to the right of the United States to any . . . defense . . . were omitted as unnecessary." Rep. No. 80-1559 (1948).  Nonetheless, both Congress and this court continue to recognize "[i]n the absence of statutory restriction, any defense available to a private party is equally available to the United States." *Id.; see also Lamson v. United States*, 117 Fed. Cl. 755, 757 (2014) ("The Federal Circuit has made it clear that the United States may avail itself of all defenses available to private parties in infringement litigation when the United States is defending actions under § 1498(a)."); *id.* at 760 (citing *Motorola, Inc. v. United States*, 729 F.2d 765, 769 (Fed. Cir. 1984) ("It is well-settled that the United States, in defending an action under § 1498(a), may avail itself of any defense that is available to a private party in an infringement action brought under Title 35."); *Pratt & Whitney Canada Inc. v. United States*, 12 Cl. Ct. 221, 222 (1987) ("The legislative history of section 1498 makes it clear that although the [statutory language] regarding defenses available to the government was omitted, the government is still entitled to assert any defense available to a private party in an infringement action under Title 35.").

### C. Attorneys' Fees Pursuant to 35 U.S.C. § 285

Under the Patent Act, "in exceptional cases [a court of competent jurisdiction] may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285; *see also De Graffenried v. United States*, 29 Fed. Cl. 384 (1993) ("*De Graffenried II*") ("[When] patent infringement actions are brought against *private parties* under 35 U.S.C. § 281 . . . the remedies potentially available in such a civil action are set forth respectively in 35 U.S.C. §§ 283 (Injunction), 284 (Damages), and 285 (Attorney fees).") (emphasis added).  Recently, the Supreme Court clarified "[s]ection 285 of the Patent Act authorizes a *district court* to award attorney fees to the prevailing party."  *Octane Fitness, LLC v. ICON Health & Fitness*, 572 U.S. 545, 548 (2014) (emphasis added).  In *Octane Fitness*, the Supreme Court further defined an "exceptional case," describing it as "one that stands out from others with respect to the substantive strength of the party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* at 554.

The Federal Circuit subsequently explained when determining if a party is "prevailing" for the purposes of § 285, "the relevant inquiry . . . is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision . . . effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'"  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1305–1306 (Fed Cir. 2018) (quoting *CRST*

---

[4] Congress first codified this waiver of sovereign immunity in the "Act of June 25, 1910" and "applied the 1910 Act [Pub. L. No. 61-305, 36 Stat. 851 (1910)] to the issue of patent infringement by government contractors . . . during World War I." *See Zoltek Corp. v. United States*, 672 F.3d 1309, 1315 (citing *William Cramp & Sons Ship & Engine Bldg. Co. v. Int'l Curtis Marine Turbine Co.*, 246 U.S. 28, 38 (1918). From 1910 until the provision was re-codified as 28 U.S.C. § 1498 in 1948, the waiver "provided further, [t]hat in such suit the United States may avail itself of any and all defenses, general or special, which might be pleaded by a defendant in an action for infringement." Pub. L. No. 61-305, Ch. 423, 36 Stat. 851–52.  This language was omitted from § 1498 following its 1948 revision and re-codification.  *See* 28 U.S.C. § 1498(a); *see also* S. Rep. No. 80-1559 (1948).

*Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646–52 (2016)).  With the ultimate goal of deterring "frivolous filings," the Federal Circuit therefore broadened its definition of "prevailing party" to be consistent with that of the Supreme Court and encompass a greater number of "exceptional" cases.  *See id.*  Although § 285 is used frequently by district courts, the Court of Federal Claims has never awarded attorneys' fees under § 285 in a § 1498 case.  *See* Jurisdiction Hr'g Tr. at 35–36 (discussing the use of § 285 to award attorneys' fees in a § 1498 case, wherein counsel for both HID and the government confirmed such an award has heretofore never been granted).[5]

On the contrary, § 1498 specifically provides—in the Court of Federal Claims—for an award of attorneys' fees to a prevailing plaintiff who is "an independent inventor, a nonprofit organization, or an entity that ha[s] no more than 500 employees."  *See* 28 U.S.C. § 1498(a).  In 1996, Congress amended § 1498 to explicitly state, "reasonable and entire compensation shall include the [*patent] owner's* reasonable costs, including reasonable fees for . . . attorneys."  28 U.S.C. § 1498(a) (emphasis added).  Fees are not to be awarded to the patent owner, however, "if the court finds that the position of the United States was substantially justified."  *See id.*; *see also Hitkansut LLC v. United States*, 958 F.3d 1162, 1166–67 (Fed Cir. 2020) (holding "the position referred to is that taken by the United States in the civil action") (quoting *Broad Ave. Laundry & Tailoring v. United States*, 693 F.3d 1387, 1390 (Fed. Cir. 1982)).

While § 1498 allows attorneys' fees as "the [patent] owner's remedy," there are other more limited means through which the Court of Federal Claims can award the government attorneys' fees.  For example, RCFC 11 provides "[a] sanction imposed under this rule . . . may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees . . . resulting from the violation."  *See* RCFC (11)(c)(4).  Under RCFC 37, a party may be ordered to pay reasonable expenses, including attorneys' fees, for failing to make proper disclosures or otherwise cooperate in discovery.  *See* RCFC 37.  Separate and apart from this Court's authority to award attorneys' fees from the government to prevailing plaintiffs in a § 1498 action under the statutory authority of § 1498 itself, in limited circumstances—including in the context of a Rule 11 violation—the Court can award fees to the government as well.  To date,

---

[5] Counsel for both HID and the government confirmed to the Court, to the best of their knowledge, § 285 had never been applied to a § 1498 case:

> THE COURT:  [I]s there a case that awards attorney's fees under Section 285 in a 1498 action?
> HID COUNSEL:  This—well, other than the fact that [this court in *Judin v. United States*, 34 Fed. Cl. 483] said you could, [this] would be the first.
> THE COURT:  Okay.  And has the government ever been awarded attorney's fees under Section 285?
> HID COUNSEL:  No, and it's my understanding that the government probably would never even ask . . . .
> THE COURT:  Has the government ever even sought attorney's fees under Section 285?
> HID COUNSEL:  Not to our knowledge, Your Honor.
> THE COURT:  Okay.  And just to confirm, because [government counsel] is on the line, . . . has the government—as you understand it—ever sought or been awarded attorney's fees under Section 285 in a 1498 suit?
> GOVERNMENT COUNSEL:  My understanding matches [HID Counsel's] that we have neither sought nor received attorney's fees under Section 285.

Jurisdiction Hr'g Tr. at 35:4–36:1.

however, this Court has never awarded such fees pursuant to 35 U.S.C. § 285.  Accordingly, as plaintiff now raises this issue, the Court must resolve whether it has subject matter jurisdiction to award attorneys' fees pursuant to § 285.  *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997).

## IV. Summary of Law Related to this Court's Jurisdiction over Attorneys' Fees

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *see also Gunn v. Minton*, 568 U.S. 251, 256–57 (2013) ("There is no dispute that the Constitution permits Congress to extend federal court jurisdiction to a case such as this one; the question is whether Congress has done so.") (internal citations omitted).  The federal courts cannot "employ unfettered notions of what might be good public policy to expand [their] jurisdiction," *Whitmore v. Arkansas*, 495 U.S. 149, 161 (1990), so at times they are "restrain[ed] . . . from acting" when they might otherwise like to.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).  Indeed, the federal "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists" no matter the "stage in the litigation."  *Arbaugh*, 546 U.S. at 507, 514.  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting the jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citations omitted).  When subject matter jurisdiction cannot be established, "the court must dismiss" the case.  *Arbaugh*, 546 U.S. at 514.

A limited judiciary is central to our system of governance.  This role "is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  As succinctly stated:  "The judge is always confined within the narrow limits of reasonable interpretation.  It is not his function or within his power to enlarge or improve or change the law. . . .  By virtue of the special duty imposed upon them, our courts are excluded from playing the part of reformers."  Elihu Root, *The Importance of an Independent Judiciary*, 72 Independent 704, 704 (1912).  These principles trace their roots to the early days of this Nation.  In *Federalist* No. 78, Alexander Hamilton recognized the courts are "bound down by strict rules and precedents, which serve to define and point out their duty in every particular case that comes before them."  *The Federalist* No. 78 (A. Hamilton) (C. Rossiter ed. 1961).  Federal courts exist to settle specific matters in specific ways.  The "sole function of the courts is to enforce [the law] according to its terms."  *United States v. Ron Pair Enterprises Inc.*, 489 U.S. 235, 241 (1989).  The history of the courts is therefore one of ensuring "that the question . . . presented . . . [is] 'of a Judiciary Nature.'"  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting James Madison, 2 Records of the Federal Convention of 1787, p. 430 (M. Farrand ed. 1966)).

The jurisdiction of the Court of Federal Claims is even more limited than that of other federal district courts.  In *United States v. King*, the Supreme Court emphasized this Court's jurisdiction extends only as far as the government consents to be sued.  *See* 395 U.S. 1, 4 (1969) ("[T]he Court of Claims' jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and . . . such a waiver cannot be implied but must be unequivocally expressed.");  *see also RHI Holdings, Inc. v. United States*, 142 F.3d

1459, 1461 (Fed. Cir. 1998) ("[T]he jurisdiction of the Court of Federal Claims (successor to the Court of Claims discussed in *Sherwood*) is prescribed by the metes and bounds of the United States' consent to be sued in its waiver of immunity."). Without an express waiver of sovereign immunity, "there is no jurisdiction in the Court of [Federal] Claims more than in any other court to entertain suits against the United States." *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941)). Pursuant to express grants by Congress, the jurisdiction of the Court of Federal Claims is primarily over monetary claims against the federal government; thus, almost universally, suits between private litigants are "beyond the jurisdiction of the court." *See Sherwood*, 312 U.S. at 588 ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (internal citation omitted). Therefore, the limits placed upon this Court, "whether imposed by the Constitution or by Congress," are precise and "must neither be disregarded nor evaded." *RHI Holdings,* 142 F.3d at 1461.

The Court of Federal Claims, though a court of limited jurisdiction, possesses the jurisdictional authority to award attorneys' fees in certain circumstances. To determine whether § 285 falls under this gambit of previously established authority for awarding attorneys' fees, the Court undertakes a thorough review of case law interpreting those authorities under which attorneys' fees were previously awarded by this court.

### A. Established Authority to Award Attorneys' Fees pursuant to RCFC 11

This Court's interpretation of the Rules of the Court of Federal Claims ("RCFC") is guided by case law interpreting the Federal Rules of Civil Procedure. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended July 1, 2019) ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."). RCFC 11(c) vests in the Court the ability to grant sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that RCFC 11(b) has been violated." The potentially sanctionable conduct provided in RCFC 11(b) includes: presenting material to the court "for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" presenting frivolous arguments; making factual contentions lacking evidentiary support; or the unwarranted denial of factual contentions. Pursuant to RCFC 11(c)(4), sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

"[T]he central purpose of Rule 11 is to deter baseless filings in district courts and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 is thus "aimed at curbing abuses of the judicial system." *Id.* at 397. Consistent with the language of Rule 11, an award of attorneys' fees is a proper sanction pursuant to Rule 11. *See, e.g., Willy v. Coastal Corp.*, 503 U.S. 131 (1992) (affirming district court award of attorneys' fees despite trial court lacking jurisdiction over the underlying cause of action); *Phonometrics, Inc. v. Economy Inns of Am.*, 349 F.3d 1356 (Fed. Cir. 2003) (affirming district court award of attorneys' fees under Rule 11). When warranted,

the Court of Federal Claims has found occasion to levy sanctions against a litigant in the form of the other party's attorneys' fees pursuant to RCFC 11. *See e.g.*, *Coastal Envtl. Grp. v. United States*, 118 Fed. Cl. 15, 38 (2014) (sanctioning counsel for the government pursuant to RCFC 11 and ordering the payment of "reasonable attorney's fees and costs"); *Thornton-Trump v. United States*, 12 Cl. Ct. 127 (1987) ("*Thornton-Trump I*") (levying sanctions against plaintiff in the form of third-party defendants' attorneys' fees pursuant to Rule 11).

### B. Established Authority to Award Attorneys' Fees Pursuant to the Equal Access to Justice Act

The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), provides for the payment of attorneys' fees under certain conditions. For example, under § 2412(b), a "prevailing party" may be awarded "reasonable fees and expenses of attorneys . . . in any civil action brought by or against the United States." Under § 2412(d)(1)(A), a "prevailing party other than the United States" may recover "fees and other expenses" in a civil action "brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The government, as the defendant in all cases before the Court of Federal Claims, can thus seek a statutory award of fees under subsection (b) of the EAJA. *See, e.g.*, *Heger v. United States*, 114 Fed. Cl. 204, 210 (2014) ("Precedents confirm that the government may recover attorneys' fees under Subsection 2412(b)."); *Bregstone v. United States*, 4 Cl. Ct. 507, 513 (1984) ("Defendant qualifies as a prevailing party under section 2412(b) because it achieved a favorable disposition of the case."); *St. Paul Fire & Marine Ins. Co. v. United States*, 4 Cl. Ct. 762, 772 (1984) (holding plaintiff "pursued th[e] action in bad faith" and awarding the government attorneys' fees under § 2412(b)).

### C. Established Authority to Award Attorneys' Fees Pursuant to the Court's Inherent Authority

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Such inherent powers of a federal court allow for the award of attorneys' fees under three circumstances: (1) when the award is "to a party whose litigation efforts directly benefit others;" (2) "as a sanction for the 'willful disobedience of a court order;'" or (3) "where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45–46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 258–59 (1975)).

This court has exercised its inherent authority to sanction litigants on more than one occasion. *See, e.g.*, *Brooker v. United States*, 107 Fed. Cl. 52, 57–58 (2012) ("Based on a review of plaintiffs' complaint and cases filed by plaintiffs in this court and in other courts, plaintiffs' filings warrant sanction pursuant to the court's inherent power."); *Tecom, Inc. v. United States*,

No. 00-475C, 2006 WL 5616336, at *5 (Fed. Cl. May 4, 2006) ("All judicial bodies inherently have the power to sanction parties, or their attorneys, for failure to conform to their rules or to respect their dignity, or for unnecessarily impeding the tribunals' business."); *Precision Pine & Timber, Inc. v. United States*, No. 98-270C, 2001 WL 1819224, at *4 (Fed. Cl. Mar. 6, 2001) ("The Court does not merely have the inherent authority to sanction conduct designed to harm a party, but also to sanction conduct that delays and disrupts the judicial process."). Upon a motion to "vacate or modify its order" imposing sanctions on the plaintiff in *Thornton-Trump II*, this court made clear its inherent authority does not extend only to plaintiffs, but rather "every litigant whose right to appear here is a matter governed by the court's rules," including third-party defendants. *Thornton-Trump v. United States*, 12 Cl. Ct. 262, 263 (1987) ("*Thornton-Trump II*") ("[T]he court's power to enforce its rules—with sanctions, if necessary—does not disappear merely because the brunt of abusive tactics befalls a third-party defendant who is not before the court with a monetary claim of his own.").

### D. Established Authority to Award Attorneys' Fees Pursuant to 28 U.S.C. § 1498

Although not directly applicable to the question of awarding attorneys' fees to a third-party defendant, a consideration of the Court's authority to award attorneys' fees under § 1498 offers an appropriate parallel for understanding this Court's unique jurisdiction and how it applies to patent claims.

This court and its predecessors have understood patent owners' claims in light of a distinction between the eminent domain theory underlying 28 U.S.C. § 1498 litigation and tort theory underlying Title 35 patent litigation in district courts. The Court of Claims explained in *Leesona* when Congress enacted § 1498's precursor statute, it "clearly construed it as following" eminent domain theory, rather than "consenting to suit for a tort." *Leesona Corp. v. U.S.*, 220 Ct. Cl. 234, 248 (1979). As the Federal Circuit later noted, when a patent owner seeks to recover under 28 U.S.C. § 1498, "[t]he theoretical basis for his recovery is the doctrine of eminent domain." *Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984) (citing *Crozier v. Fried Krupp Aktiengesellschaft*, 224 U.S. 290 (1912)). "The government's unlicensed use of a patented invention is properly viewed as a taking of property under the Fifth Amendment through the government's exercise of its power of eminent domain . . . ." *Hughes Aircraft Co. v. United States*, 86 F.3d 1566, 1571 (Fed. Cir. 1996), *vacated and remanded on other grounds*, 520 U.S. 1183, 117 S.Ct. 1466 (1997). On the other hand, the Court of Claims in *Leesona* found "the trial judge's award [to be] largely excessive because of his erroneous assumption that he was adjudicating a tort claim for patent infringement under various provisions of Title 35 of the Code." 220 Ct. Cl. at 240. The Federal Circuit in *Motorola* observed parties' lack of clarity in this distinction creates confusion: "[a]s occurs frequently in section 1498 patent actions, the parties in the instant appeal are presenting and arguing the case as if it were an action brought under Title 35." 729 F.2d at 768. Although cases brought under § 1498 and Title 35 are often "parallel," they are "not identical," and "the same concepts, phrases and words do not and cannot always connote or denote the same meaning under section 1498" and Title 35. *Id.* (citing *Calhoun v. United States,* 453 F.2d 1385, 1391, (Ct. Cl. 1972)). This distinction between Title 35 cases involving private parties and § 1498 eminent domain cases is crucial because "[t]here

are numerous examples of where the patent statutes are inapplicable in an eminent domain context." *Id.* at 772 n.3.[6]

Historically, the Court of Claims held although it was "specifically authorized under Title 28 U.S.C. Section 1498 to award 'reasonable and entire compensation,'" it was "not authorized to award specific damages and/or attorney fees as such in these cases." *Regent Jack Mfg. Co. v. United States*, 292 F.2d 868, 870 (Ct. Cl. 1961). The Court of Claims later explained "this court 'is not authorized to award specific damages and/or attorney fees as such' in patent cases under 28 U.S.C. § 1498." *Calhoun v. United States*, 453 F.2d at 1395 (quoting *Regent Jack Mfg. Co. v. United States*, 292 F.2d at 870). The Court of Claims and this court continued to hold in later cases they lacked authority to grant attorneys' fees in § 1498 patent cases. *See Leesona* 220 Ct. Cl at 254 (declining to award attorney's fees under section 1498 because they are a "punitive award not necessary to provide just compensation"); *Jamesbury Corp. v. United States*, 1980 WL 20818 at *17 (Ct. Cl. 1980) (declining to award fees because "absent specific statutory authority, the court is without power to award litigation expenses to the plaintiff."); *De Graffenried II*, 29 Fed. Cl. at 391 (declining to award fees because "Congress intended and provided for distinct remedies . . . in an unauthorized use of a patent action against the United States."). The Federal Circuit confirmed this understanding: "increased damages and attorneys [sic] fees available against private infringers under 35 U.S.C. §§ 284 and 285 are not permitted in an eminent domain proceeding." *Motorola,* 729 F.2d at 772 n.3. Relatedly the Court of Claims held in a patent infringement action under § 1498 it was "without jurisdiction to order a plaintiff to pay the costs, expenses, and attorney's fees of a third-party defendant . . . ." *Lemelson*, 8 Cl. Ct. at 791.

Another judge on this court recently discussed the history of § 1498's interpretation and amendment. *See FastShip LLC v. United States*, 143 Fed. Cl. 700, 713 (2019). Historically, "reasonable and entire compensation" had not been delineated by the statute. *See, e.g.*, 28 U.S.C. § 1498(a) (1994). In accord with the statute's grounding in eminent domain, the Court of Claims interpreted "reasonable and entire compensation" to mean "just compensation" as "required by the Fifth Amendment for government takings by eminent domain." H.R. Rep. No. 104-373 at 2 (1995), 1996 U.S.C.C.A.N. 4173, 4174 (citing *Waite v. United States*, 282 U.S. 508, 509 (1931)). The Fifth Amendment does not require the United States to pay litigation expenses in eminent domain cases to comply with the "just compensation" requirement; rather, "such fees and costs can only be authorized by statute." *Id.* (citing *United States v. Bodcaw Co.*, 440 U.S. 202, 203 (1979)).

The status quo changed in 1996, however, when Congress added the provision for "reasonable fees" to § 1498. In a significant legislative change, Congress found under the existing statutory regime, "equity cannot be done in reimbursing patent owners for fees and costs because the courts have generally taken the position that if Congress had intended to include

---

[6] Numerous scholars have noticed the traditional differences in attorneys' fees for eminent domain claims versus tort claims. *See, e.g.*, Richard A. Epstein, Kelo: An American Original, 8 Green Bag 2d 355, 355, citing *Dohany v. Rogers*, 281 U.S. 362 (1930) ("Remember the only compensation is for the property taken, typically at the time of the taking, and thus excludes attorney and appraisal fees."); Katrina Miriam Wyman, The Measure of Just Compensation, 41 U.C. Davis L. Rev. 239, 254 (2007) ("Under the fair market value standard, the Fifth Amendment's 'just compensation' standard does not require government to compensate certain kinds of losses that takees may experience. . . . These include attorney's fees . . . .").

such reimbursement, it should have said so specifically." H.R. Rep. No. 104-373 at 2 (1995); *see also Wright v. United States*, 56 Fed. Cl. 350, 351 (2003) ("Section 1498 was amended in 1996 to provide for [attorneys' and expert witness] fees."). The 1996-amended statute now states: "the [patent] owner's remedy shall be . . . reasonable and entire compensation . . . including reasonable fees." 28 U.S.C. § 1498(a). This court now interprets the amended statute to mean "prevailing parties in a section 1498 action against the government are entitled to reasonable and entire compensation, including reasonable fees for attorneys and expert witnesses in some circumstances." *Wright*, 56 Fed. Cl. at 351.

Contrasting the post-1996 language of § 1498 with the EAJA discussed above is helpful to understand § 1498. Unlike the text of § 1498(a), the EAJA—amended in 1985, eleven years before the 1996 updates to § 1498—permits "a court to award reasonable fees and expenses of attorneys . . . *to the prevailing party* in any civil action brought by or against the United States." 28 U.S.C. § 2412(b) (emphasis added); *see also Hitkansut*, 958 F.3d at 1166-67 (using the text and history of the EAJA to consider plaintiff's § 1498 fees request). In a recent case awarding plaintiff attorneys' fees under § 1498, the Federal Circuit determined that nothing "in the legislative history [of § 1498] indicate[s] such an intent [of Congress for § 1498(a) to mirror EAJA]." *Hitkansut*, 958 F.3d at 1168. Section 1498, unlike the EAJA, is a statute specifically tailored to awarding the *plaintiff* patent owner compensation for the government's infringing acts. Thus, while the Federal Circuit's review of the EAJA in *Hitkansut* was relevant in assessing a fee award to plaintiffs under § 1498, § 1498 does not share such reciprocity with the EAJA when evaluating a fee award to the government.[7] During the 8 July 2020 oral argument on the jurisdictional issue, the government noted "in the relatively rare instances where the government has sought attorney's fees, [it has] done so under [the EAJA] or the variety of . . . Court of Federal Claims rules that provide for attorney's fees or the court's inherent authority."[8] Jurisdiction Hr'g Tr. at 36:2–6.

---

[7] The court in *Hitkansut* also cited the 1995 House Judiciary Committee's Report on "Just Compensation for Patent Owner for Unlicensed use by United States" in describing the court's interpretation of § 1498 relative to the EAJA. *See Hitkansut*, 958 F.3d at 1168. In addressing the applicability of the EAJA to patent infringement suits against the government, it was noted "[n]o owner has yet been able to recover any of its litigation costs under the EAJA." H.R. Rep. No. 104-373 at 2. Regarding reason for the amendment, the report further noted, "[c]urrently [without the amendment], equity cannot be done in reimbursing patent owners for fees and costs because the courts have generally taken the position that if Congress had intended to include such reimbursement, it should have said so specifically." *Id.* at 2-3.

[8] The 1995 House Judiciary Committee Report further considered 35 U.S.C. § 285 as an analogous statute applicable in district court litigation between private parties for an award of attorneys' fees in a patent infringement action. H.R. Rep. No. 104-373 at 2. The report found, however, a "problem arises in the differing nature of patent infringement suits against a private party compared with one levied against the government." *Id.* at 2. Thus, in an attempt to provide plaintiffs with a similar statutory remedy when accusing the government of patent infringement as is available to private party plaintiffs in a district court under § 285, the language of § 1498 was expressly amended to "authorize[] the express recovery of reasonable costs and fees by small businesses, non-profit entities or independent patent owners who are forced to litigate against the government to obtain compensation for infringement by the government." *Id.* at 3. Noticeably different in the final language adopted in § 1498, when contrasted with the language of § 285, is specific reference to only the patent owner's ability to recover attorneys' fees under § 1498. Under § 285, fees are generally available to whichever party is deemed the prevailing party. *Compare* 28 U.S.C. § 1498(a) ("[r]easonable and entire compensation shall include *the owner's* reasonable costs, including reasonable fees for expert witnesses and attorneys") (emphasis added) *with* 35 U.S.C. § 285 ("[t]he court in exceptional cases may award reasonable attorney fees to *the prevailing party*") (emphasis added)).

The history of the availability of plaintiff's attorneys' fees under § 1498 is not directly applicable to the issue before the Court, but it is helpful for understanding § 1498's foundation in eminent domain law.  Understanding even victorious patent owners were not able to recover attorneys' fees under the original § 1498 language, before explicit statutory authorization, helps this Court understand the limits of § 1498 now.

## V. Whether the Court of Federal Claims Can Award Attorneys' Fees Pursuant to 35 U.S.C. § 285

After reviewing established precedent for awards of attorneys' fees, including the Court's inherent authority, the rules governing the Court's procedure, and explicit statutory grants, the Court now turns to the statute in question which HID seeks an award of fees in this case.  When interpreting a statute, "[a]s in all statutory construction cases, we begin with the language of the statute."  *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002).  "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."  *Perrin v. United States*, 444 U.S. 37, 42 (1979) (citing *Burns v. Alcala*, 420 U.S. 575, 580–81 (1975).  "Since it should be generally assumed that Congress expresses its purposes through the ordinary meaning of the words it uses, we have often stated that '[a]bsent a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive.'"  *Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 772 (1984) (quoting *North Dakota v. United States*, 460 U.S. 300, 312 (1983)).  When interpreting the plain language of a statute, a court must also take into consideration the "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."  *Utility Air Regulatory Grp. v. EPA*, 573 U.S. 302, 320 (2014).

The language of § 285 states in full:  "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  The Supreme Court has held "Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation."  *Octane Fitness*, 572 U.S. at 548.  Section 285 is found in Title 35 of the Patent Act, whereas Section 1498 falls under Title 28 of the United States Code setting forth the jurisdiction of the Court of Federal Claims.  Section 1498 specifically applies to patent owners in an "action against the United States *in the United States Court of Federal Claims*."  28 U.S.C. § 1498(a) (emphasis added).  Section 285, on the other hand, does not explicitly state which courts have the power to apply it.  *Compare* 35 U.S.C. § 285 *with* 28 U.S.C. § 1498(a).  The Court of Federal Claims, relying on "unequivocally expressed" waivers of sovereign immunity to establish jurisdiction, frequently provides remedies for plaintiffs alleging patent infringement against the government pursuant to 28 U.S.C. § 1498.  *See King*, 395 U.S. at 4 ("[T]he Court of Claims' jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and . . . such a waiver cannot be implied but must be unequivocally expressed.").  To date, however, the Court of Federal Claims has never awarded attorneys' fees pursuant to 35 U.S.C. § 285.  *See* Tr. at 35:10–13 (responding to the Court's question of whether the government has "ever been awarded attorney's fees under Section 285," counsel for the government stated:  "No, and it's my understanding that the government probably would never even ask . . . ."); *see also* Tr. at 52:22–25 (responding to the Court's question of

whether § 285 had been used to award attorneys' fees in this court previously, counsel for HID could not identify another case besides the current case).

This court's historical treatment of § 285 illustrates its lack of authority to award fees without an express statutory grant by Congress.  First, in *Regent Jack Mfg. Co. v. United States*, after finding plaintiff was entitled to recover for the government's infringing actions, the Court of Claims noted while plaintiff sought "attorney fees under Title 35 U.S.C., Section 285," the Court of Claims "is specifically authorized under Title 28 U.S.C., Section 1498, to award 'reasonable and entire compensation,' but is not authorized to award specific damages and/or attorney fees as such in these cases."  155 Ct. Cl. at 225.  In *Carrier Corp. v. United States*, the Court of Claims addressed the question of whether a third-party defendant's "motion to quash the . . . notice served on it" should be granted.  208 Ct. Cl 1017, 1017–18 (1976).  In denying the third-party defendant's motion to quash, the Court of Claims noted "Section [285] only applies to patent suits in the District Courts."  *Id.*  The Court of Claims again reaffirmed it cannot assess fees under 35 U.S.C. § 285 in *De Graffenried I*, where plaintiff alleged claims against the United States under 35 U.S.C. §§ 271, 281, 284, and 285.  228 Ct. Cl. at 781.  The Court of Claims found "[t]he provisions of Title 35 which give a right of action between private parties and remedies for infringement are not directly applicable to a suit against the United States.  Instead, plaintiff must seek relief under the provisions of 28 U.S.C. § 1498."  *Id.* at 783 (internal citations omitted); *see Decca Ltd. v. United States*, 225 Ct. Cl. at 334.  Granting the government's motion to dismiss the causes of action under Title 35 of the United States Code, the Court of Claims further noted "the treble damage provisions of section 284 and the attorney fee provisions of section 285 are not incorporated by reference into section 1498."  *Id.* (citing *Leesona Corp. v. United States*, 220 Ct. Cl. 234).

HID references a 1995 Court of Federal Claims case in which a third-party defendant raised multiple theories under which it sought to recover attorneys' fees, arguing for such an award under either RCFC 11 or § 285.  *Judin v. United States*, 34 Fed. Cl. 483, 487 (1995) ("*Judin I*").  According to HID, the judge in *Judin I* "determined his ability to award fees under § 285 to third-party defendants like HID."  HID Initial Suppl. Br. at 12.  In a footnote, the court in *Judin I* stated "Section 285 permits the court, 'in exceptional cases' to award reasonable attorney fees to the prevailing party in patent infringement cases."  *Judin I* at 487 n.3 (quoting 35 U.S.C. § 285).  What HID fails to mention, however, is the decision in *Judin I* explicitly chose *not* to award any such fees.  *Judin I*, 34 Fed. Cl. at 493–94 ("the court also declines to award costs or fees under section 285.").  In fact, the Court of Federal Claims initially declined to award any fees under either RCFC 11 or § 285.  *See id.*  On appeal, the Federal Circuit "vacate[d] the decision of the Court of Federal Claims and remand[ed] the case for further proceedings." *Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997) ("*Judin II*").  The Federal Circuit, however, only addressed the trial court's decision as it pertained to RCFC 11; a discussion of § 285 does not appear in the Federal Circuit's opinion.  *See generally id.*  The Court does not read anything into the Federal Circuit's discussion regarding the applicability of § 285 to infringement actions in the Court of Federal Claims.  The Court does, however, reject HID's characterization of the *Judin I* decision as standing for the proposition the Court of Federal Claims previously "determined [its] ability to award fees under § 285 to third-party defendants like HID."  HID Initial Suppl. Br. at 12.  The recitation of statutory language in a footnote, in a decision

ultimately rejecting the specific relief requested, does nothing to satisfy the Court's concerns regarding the jurisdiction of this court to award attorneys' fees pursuant to § 285.

HID acknowledges this court noted in *Standard Mfg. Co. v. United States*:

> While a section 1498 action resembles in several ways the right of action against a private infringer provided under the Patent Act, the actions are only parallels and not identical.  Title 35 provides remedies which would grant recovery in excess of the reasonable and entire compensation provided for in section 1498.  For example, injunctive relief, increased damages and attorneys fees available against private infringers under 35 U.S.C. §§ 283, 284, and 285, respectively, are not permitted in eminent domain proceedings.

42 Fed. Cl. 748, 757–58 (1999) (citing *Motorola v. United States*, 729 F.2d 765, 768 n.3 (Fed. Cir. 1984)) (*abrogated in other respects by Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011)) (internal citations omitted); *see* HID Resp. Suppl. Br. at 7.  This court thus declined to include any Title 35 remedies in its calculation of the plaintiff's "reasonable and entire compensation" under § 1498.  The Court of Federal Claims, and its predecessor court, have thus heretofore declined to utilize § 285 as a means to award fees in a § 1498 action.

### A. A Review of the Statutory Structure of § 285 as a Remedy for Patent Infringement, Not a Defense to Liability

HID argues as a "noticed third-party defendant[] who share[s] aligned interests with and step[s] into the shoes of the Government," it "ought to have the same defenses *and remedies* available as the Government."  HID Initial Suppl. Br. at 5 (emphasis added).  Yet the authority HID cites for this proposition is limited only to defenses.  *See, e.g., S. Cal. Edison Co. v. United States*, 43 Fed. Cl. 107, 115 (1999) ("[T]his court's procedure allows a third-party defendant to assert any *defenses* which the third-party has to the plaintiff's claim (including defenses assertable by the Government).") (emphasis added); *Avocent Redmond Corp. v. United States*, 93 Fed. Cl. 399, 403, 405 (2010) ("*Avocent II*") (finding laches *defense* available to both the United States and defendant-intervenor).  Black's Law Dictionary defines a defense as a "defendant's stated reason why the plaintiff or prosecutor has no valid case."  *Defense*, Black's Law Dictionary (11th ed. 2019).  A remedy, however, is defined as the "means of enforcing a right or preventing or redressing a wrong."  *Remedy*, Black's Law Dictionary (11th ed. 2019).

HID even refers to a fee award under § 285 as a remedy in its initial supplemental brief: "it is well-established that 'an award of attorney's fees [under § 285] is a remedy that underlies a cause of action."  HID Initial Suppl. Br. at 8; *see also id.* at 9 ("Because they are remedies, attorneys' fee awards, like those under § 285, do not require express jurisdictional grants.").  When pressed on this point further during oral argument, counsel for HID confirmed even though it views § 285 as a remedy, it was unwilling to classify the statute as a defense:

THE COURT:  Is [§ 285] a remedy?

- 17 -

HID COUNSEL:  I'm not sure how you would define the word remedy, Your Honor.  It's—

THE COURT:  Well, I'm just looking at 35 U.S.C., and under Chapter 29, which is what 285 falls under, it's Remedies for Infringement and Other Actions.

HID COUNSEL:  Under that definition, it sounds like a remedy to me, Your Honor.

THE COURT:  And is that the same, then, as a defense?

HID COUNSEL:  I am not sure if I would parse the word defense from collateral issue in that way.  I would have to stand on collateral issue.  I am not sure about the defense question.

. . .

THE COURT:  Does that help you, then, that it's a remedy, not a defense?

HID COUNSEL:  Well, again, I'm not sure that I have a clear answer on whether or not it's a defense.  I do believe that it falls within remedy, but as you know, specifically my argument is that it's collateral.  So it doesn't have to be either, because it's collateral to the Court's ability to control its docket.

Jurisdiction Hr'g Tr. at 23:14–24:3, 32:19–33:1.  As the Court noted during oral argument, Section 285 is found in Chapter 29 of Title 35 of the Patent Act, titled "Remedies for Infringement of Patent, and Other Actions."  35 U.S.C. § 285.  According to the Court's review of both the historical changes to § 1498 and the subsequent case law interpreting the statute, the government appears only to be able to apprise itself of *defenses* available to private party litigants, not remedies.  *See supra* Section IV.D.

This Court's predecessor court, the Court of Claims, with precedent binding on this Court and the Federal Circuit, addressed a third party's ability to assert defenses on multiple occasions.  *See South Corp. v. United States*, 690 F.2d 1368, 1370 (Fed. Cir. 1982) (adopting "an established body of law as precedent . . . represented by the holdings of the Court of Claims").  For example, in *Sun Shipbuilding & Dry Dock Co.*, the Court of Claims considered a third party's ability to "present its full defense to the plaintiff's claim" and "protect[] its interest."  204 Ct. Cl. 915 (1974) (quoting *Bowser, Inc. v. United States and General Steel Tank Co.*, 190 Ct. Cl. 441, 445-46 (1970).  The Court of Claims found:  "It follows that third party, having been duly noticed in without objection and having become a party to the entire case, is free and competent to present any *defense* it wishes . . . .  At the same time, third party is not entitled to seek any affirmative judgment, either monetary or declaratory, against the plaintiff."  *Id.* at 916 (emphasis in original).  A few years later, in *Leesona Corporation v. United States*, the United States challenged the determination of "reasonable and entire compensation" awarded to a patent holder in an infringement suit.  *See Leesona Corp. v. United States*, 599 F.2d 958 (Ct. Cl. 1979).  Agreeing the trial judge's award was "largely excessive," the Court of Claims determined "[i]ncorporating all of the remedies of Title 35 into § 1498 without the explicit consent of Congress, which

certainly could have provided for such incorporation had it so desired, would violate that requirement [of an express waiver of sovereign immunity]." *Id.* at 962, 968.

Similarly, in *Standard Mfg.*, this court grouped an award of fees under § 285 with other Title 35 remedies, stating "injunctive relief, increased damages and attorneys fees available against private infringers under 35 U.S.C. §§ 283, 284, and 285, respectively are not permitted in eminent domain proceedings." 42 Fed. Cl. 748, 758 (1999). Most recently, in *Lamson v. United States*, this court considered whether the "medical immunity provision" of 35 U.S.C. § 287(c) was a defense available to the government in a § 1498 action, or instead merely a "limitation on damages." 117 Fed. Cl. at 756, 762. In finding the government could avail itself of § 287(c) because it was a defense, this court stated:

> A defense . . . is a complete bar to any recovery or relief. . . . In addition to preventing the recovery of any damages, § 287(c) also disallows the granting of an injunction, awards of attorneys' fees, and the overall remedy of a civil action for infringement. As a result, the provision is broader than a mere limitation on damages, which only prevents some recovery of damages; under § 287(c), a qualifying entity cannot be held to have infringed. Accordingly, the court finds that § 287(c) is a defense rather than a limitation on damages.

*Id.* at 762 (internal citation omitted). Unlike the "medical immunity provision" this court found to be a defense in *Lamson*, § 285 does not act as "a complete bar to any recovery or relief." *Id.* Rather, § 285 fits squarely under the definition of a remedy being used to "enforce[e] a right or prevent[] or redress[] a wrong." *Remedy*, Black's Law Dictionary (11th ed. 2019).

Even assuming § 1498 authorizes the government's use of "any defense available to a private party [in a patent action]," the Court disagrees such language would allow the government (or noticed third-party defendants) to request all *remedies* available to private parties. HID's Initial Suppl. Brief (quoting S. Rep. No. 80-1559 (1948)). The Court's conclusion is supported by the plain text of § 1498, which explicitly provides the available remedies in a § 1498 action: "the owner's remedy shall be . . . for the recovery of his reasonable and entire compensation for such use and manufacture." 28 U.S.C. § 1498(a). While additional avenues do exist for a party to seek other narrow forms of relief under certain limited circumstances, such as the Court's rules or inherent authority, § 285 is not one of those limited circumstances. The Court is unable to expand the jurisdiction of the Court of Federal Claims beyond the express intent of Congress and years of case law unanimously interpreting this court's narrow jurisdiction as excluding fee awards under 35 U.S.C. § 285. *King*, 395 U.S. at 4 ("[T]he Court of Claims' jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and . . . such a waiver cannot be implied but must be unequivocally expressed."); *see also RHI Holdings*, 142 F.3d at 1461 (noting the limits placed upon this Court, "whether imposed by the Constitution or by Congress," are precise and "must neither be disregarded nor evaded").[9]

---

[9] The distinction between § 1498 eminent domain cases and Title 35 cases involving private parties helps to provide an understanding of this Court's jurisdiction. *See* discussion *supra* Section IV.D. When Congress enacted § 1498's precursor statute, it "clearly construed it as following" eminent domain theory, rather than "consenting to suit for a tort." *Leesona*, 220 Ct. Cl. at 248. The Federal Circuit has also held: "increased damages and attorneys fees

**B. Section 285 as a Collateral Issue to the Court's Jurisdiction Under § 1498**

HID further argues the Court's jurisdiction over the underlying controversy pursuant to § 1498 is sufficient to grant this Court subject matter jurisdiction over the collateral issue of a fee award. *See* HID Initial Suppl. Br. at 8. According to HID, "attorneys' fee awards under § 285 are neither 'controversies' between private parties nor independent causes of action—they are collateral issues within a court's authority to control its docket." *Id.* (internal footnote omitted). "Because they are remedies, attorneys' fee awards, like those under § 285, do not require express jurisdictional grants." *Id.* at 9. HID cites a series of cases for the proposition fee awards generally are a collateral issue to the underlying cause of action. *See* HID Initial Suppl. Br. at 8–10. Among those cases cited by HID were decisions of the Supreme Court, a single unpublished Federal Circuit decision, and myriad federal district court decisions, all of which share the same fundamental flaw as HID's argument in the present case.[10] *Id.* Here, HID seeks a specific statutory remedy neither Congress nor this Court has previously recognized.

HID cannot point to a single case finding § 285 fees as a collateral issue to a § 1498 action. The Federal Circuit in *In re Uusi*, for instance, which HID cites for the proposition proceedings regarding a third-party defendant's general requests for attorneys' fees and costs are "independent and ancillary to a federal court's subject matter jurisdiction," does not discuss § 285. *Id.* at 8; *In re Uusi*, 549 Fed. App'x 964, 968 (Fed. Cir. 2013). The Federal Circuit in *Uusi* did not hold fees can be awarded even if the court lacks jurisdiction to do so; rather, it determined "general requests for attorney fees" are "ancillary to a federal court's subject matter jurisdiction." *In re Uusi*, 549 at 968. This is consistent with this Court's acknowledgment of power to award fees under RCFC 11 and its inherent authority, but it does not enable the Court to ignore jurisdictional limits and award fees under every fee shifting statute Congress has passed. Similarly, the cases the court in *Uusi* cited do not reference § 285, nor do they involve this Court's jurisdiction pursuant to § 1498. *Id.*; *see, e.g.*, *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445 (1982) (reversing the First Circuit's decision to withhold 42 U.S.C. § 1988 attorneys' fees from an unemployment insurance claimant); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 162 (1939) (answering "an important question . . . pertaining to the exercise of federal equity jurisdiction" in the banking context).

---

available against private infringers under 35 U.S.C. §§ 284 and 285 are not permitted in an eminent domain proceeding." *Motorola,* 729 F.2d at 772 n.3. Without statutory authorization, it can be assumed this Court only has jurisdiction to grant historically understood eminent domain remedies to a third-party defendant.

[10] HID cites several cases in an attempt to support its argument "[t]he power to sanction and award fees is collateral to . . . subject matter jurisdiction." *See* HID Initial Suppl. Br. at 8–10 (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (noting "a claim for attorney's fees is not part of the merits of the action to which the fees pertain"); *Cooter & Gell v. Hartmar Corp.*, 496 U.S. 384, 395 (1990) (finding "district courts may award costs after an action is dismissed for want of jurisdiction"); *In re Uusi, LLC*, 549 F. App'x 964, 968 (Fed. Cir. 2013) (HID characterizes as this court finding "jurisdiction over a Rule 14 party's request for fees"); *Elan Pharm., LLC v. Sexton*, 421 F.Supp. 3d 1119, 1128 (D. Kan. 2019) (finding "§ 285 provides no standalone cause of action"); *Lokai Holdings LLC v. Twin Tiger USA, LLC*, 306 F. Supp. 3d 629, 644 (S.D.N.Y. 2018) (finding an award of attorneys' fees under § 285 to be "a remedy that underlies a cause of action"); and *Gen. Protect Grp., Inc. v. Leviton Mfg. Co.*, No. 10-1020, 2012 WL 1684573, at *32 (D.N.M. May 12, 2012) (noting § 285 "does not provide a federal cause of action for jurisdictional purposes.")

The same is true of the Supreme Court's decisions in both *Cooter & Gell v. Hartmarx Corporation* and *Budinich v. Becton Dickinson & Co.* In *Cooter & Gell*, the Supreme Court held "the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). The court in *Cooter & Gell* thus did not answer the question of whether attorneys' fees are a collateral issue to the underlying cause of action. Instead, the court determined whether the issue of an "attorney [who] has abused the judicial process" such that "sanction[s] would be appropriate" is related to the merits of a case. *Id.* The Supreme Court's finding such sanctionable conduct is not related to the merits of the case is consistent with the manner in which the Court of Federal Claims and its predecessor court have historically viewed the award of attorneys' fees pursuant to RCFC 11 or the Court's inherent authority. *See, e.g., Coastal Envtl. Grp.*, 118 Fed. Cl. at 38 (sanctioning counsel for the government pursuant to RCFC 11 and ordering the payment of "reasonable attorney's fees and costs"); *Brooker*, 107 Fed. Cl. at 57–58 (awarding sanctions based on the Court's inherent authority); *Tecom*, 2006 WL 5616336, at *5 (awarding attorneys' fees and costs as a sanction pursuant to the Court's inherent authority); *Precision Pine & Timber*, 2001 WL 1819224, at *4 (awarding reasonable fees and expenses pursuant to the Court's inherent authority); *Thornton-Trump I*, 12 Cl. Ct. at 131 (sanctioning plaintiff under the court's rules and ordering the payment of third-party defendants attorneys' fees and related costs).

Similarly, in *Budinich*, the Supreme Court held it is "indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). In reaching this decision, however, the Supreme Court in *Budinich* concluded only "an award [of attorneys' fees] does not remedy the injury giving rise to the action" and so should not stop a decision on the merits from being final under 28 U.S.C. § 1291. *Id.* at 200–203 (citing *Sprague*, 307 U.S. at 170). In other words, the court in *Budinich* considered the *timing* of a fee award as it impacts jurisdiction, not a court's jurisdiction to issue a statutory fee award. *See Budinich*, 486 U.S. at 202 ("The time of appealability, having jurisdictional consequences, should above all be clear."). *Cooter & Gell* and *Budinich* thus do not support HID's contention "§ 285 is a collateral issue [and] not a separate judiciable claim." HID's Resp. Suppl. Brief at 5. As applicable here, these cases support only the proposition *when* a Court of proper jurisdiction is asked to award attorneys' fees under Rule 11 or following a final decision on the merits, it may do so.

Lastly, HID is not the first third-party defendant to seek a fee award in this Court. In *Avocent I*, a third-party defendant filed an answer which contained a prayer for relief asking this court to "find [the] case to be an exceptional case and that [third-party defendant] be awarded its costs and reasonable attorneys' fees." *Avocent Redmond Corp. v. United States*, 85 Fed. Cl. 724, 725 (2009) ("*Avocent I*"). Although the third-party defendant did not directly cite § 285, it did reference the "exceptional case" language used in the statute. *Id.* This court cited a long line of precedent in support of its holding "a third party defendant . . . is not entitled to seek an affirmative judgement, either monetary or declaratory, against a plaintiff." *Id.* at 726. The court in *Avocent I* relied on the Court of Claims' decision in *Lemelson*, which noted "this court 'derives its jurisdiction from acts of Congress and cannot take cognizance of any claim which Congress has not authorized it to decide.'" *See Lemelson v. United States*, 8 Cl. Ct. 789, 791–92. In *Lemelson*, the third-party defendants sought an award of fees and costs pursuant to the EAJA.

*Id.* at 790.  The court in *Lemelson* thus concluded it had "no jurisdiction to consider third-party defendants' claims against plaintiff for costs, expenses and attorney's fees."  *Id.*; *see also King*, 395 U.S. at 4 (explaining the court's jurisdiction only extends as far as Congress allows through express statutory grant).

An important distinction therefore exists between the decisions in both *Avocent I* and *Lemelson*, as compared to *Thornton Trump II*.  In both *Avocent I* and *Lemelson*, the third-party defendants were seeking an affirmative judgment against the plaintiff pursuant to a specific statutory grant of authority.  *See Avocent I*, 85 Fed. Cl. at 725; *Lemelson*, 8 Cl. Ct. at 790.  In *Thornton-Trump II*, however, the third-party defendant sought an award of fees not as an affirmative judgment pursuant to a statutory cause of action, but rather pursuant to this court's inherent authority.  *See Thornton-Trump II*, 12 Cl. Ct. at 263 ("[T]he court's power to enforce its rules—with sanctions, if necessary—does not disappear merely because the brunt of abusive tactics befalls a third-party defendant who is not before the court with a monetary claim of his own.").  As "the Court of Claims' jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity," this Court cannot decide an issue— collateral or otherwise—not expressly allowed by statute, particularly in the context of a third party seeking redress from a plaintiff.  *King*, 395 U.S. at 4.  Although the Supreme Court and Federal Circuit have found requests for attorneys' fees to be ancillary to the merits of a case in other unrelated contexts, a decision from this Court to award fees pursuant to § 285 in a § 1498 action "would impermissibly expand the jurisdictional powers conferred [on it] by" Congress. *Lemelson*, 8 Cl. Ct. at 791.  Nothing in this Opinion and Order shall be construed as the Court prohibiting a third-party defendant's ability to seek redress from this Court in response to a violation of this Court's rules or in the Court's inherent authority to control the judicial process.

## VI. Conclusion

The Court's subject matter jurisdiction is a threshold question which must be affirmatively decided regardless of the stage of litigation.  The Court lacks jurisdiction to grant HID's motion for entitlement to attorneys' fees under § 285.  Accordingly, this court's Order of 24 January 2020 granting HID's motion as to entitlement to attorneys' fees pursuant to § 285 is **VACATED**.

The Court recognizes HID raised alternative arguments as to the Court's authority to award attorneys' fees, including under the Court's inherent authority.  Neither this Opinion and Order nor this court's 24 January 2020 Order address such arguments.  The parties shall file a joint status report on or before **13 November 2020** proposing further proceedings on entitlement to attorneys' fees under legal theories other than § 285, if desired, and the need for any supplemental briefing, with a proposed briefing schedule if necessary, on such theories.  HID's motion for quantum of attorneys' fees, ECF No. 140, is hereby **STAYED** pending further resolution of the entitlement issue.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE

Judge