# In the United States Court of Federal Claims

No. 17-1812
(Filed: 20 September 2022)
NOT FOR PUBLICATION

```
**************************************
GIESECKE+DEVRIENT GMBH,              *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant,          *
                                    *
IDEMIA IDENTITY                     *
& SECURITY USA, LLC,                *
                                    *
                Third-Party Defendant, *
                                    *
GEMALTO, INC.,                      *
                                    *
                Third-Party Defendant. *
                                    *
**************************************
```

## ORDER

Plaintiff Giesecke+Devrient GmbH accuses the government of patent infringement.  The government noticed, pursuant to RCFC 14, a series of subcontractors involved in the development of the technology, including Gemalto, Inc., Unisys Corp., Idemia Identity & Security USA, LLC, and General Dynamics Information Technology, Inc.  All abovementioned suppliers voluntarily intervened in the present case, but plaintiff filed unopposed motions to dismiss third-parties Unisys and General Dynamics.  Plaintiff and third-party Gemalto filed a stipulated motion to voluntarily dismiss Gemalto under RCFC 41(a)(2).  The government then filed a motion for leave to respond to plaintiff's motion, and the Court set a briefing schedule for the parties to raise any objections to Gemalto's dismissal.  After briefing, the Court held a substantive status conference to resolve any objections to Gemalto's dismissal.  This Order grants plaintiff and Gemalto's stipulated motion to dismiss with prejudice under RCFC 41(a)(2) and requires plaintiff to serve amended infringement contentions in fourteen days.

## I.    Background

On 12 May 2022, plaintiff and third-party defendant, Gemalto, Inc. ("Gemalto"), filed a stipulated motion to dismiss Gemalto with prejudice pursuant to Rule 41(a)(2) of the Rules of the

Court of Federal Claims ("RCFC").  *See* Stip. Mot. Dismissal Prejudice ("Stip. Mot."), ECF No. 263.  Plaintiff and Gemalto "executed a settlement agreement that specifically provides for an agreed license of Gemalto products."  *Id.* at 1–2.  The parties, therefore, sought to dismiss with prejudice "all claims of infringement of U.S. Patent Nos. 7,837,119 and 8,857,717 against the U.S. government for Gemalto products, as specifically set forth in such settlement agreement." *Id.* at 2.

The government filed a motion for leave to respond to plaintiff's stipulated motion for dismissal on 17 May 2022, ECF No. 267.  "Specifically, the [g]overnment request[ed] an opportunity to raise concerns relating to the scope of the dismissal that [p]laintiff and Gemalto seek as well as the applicability of Rule 41(a)(2) to the present circumstances before the Court." *Id.* at 1.  The government stated plaintiff's motion does not identify which claims will remain in the case or what Gemalto's role will be moving forward.  *Id.* at 1–2.

On 24 May 2022, the parties submitted a Joint Status Report pursuant to this Court's Meet and Confer Order of 17 May 2022.  *See* Joint Status Report ("JSR"), ECF No. 270; Order, ECF No. 268.  "[T]he [g]overnment requested production of the Settlement Agreement between Giesecke and Gemalto."  JSR at 2.  Despite plaintiff producing relevant portions of the settlement agreement to the government the following day, "the [g]overnment informed Giesecke that its concerns [have] not been addressed."  *Id.*

The government filed an updated response to plaintiff's motion to raise two concerns on 27 May 2022.  *See* Def.'s Updated Resp. Pl.'s Mot. Dismissal Prejudice ("Def.'s Resp."), ECF No. 271.  First, the government argues "Rule 41 is not the proper procedural vehicle" because "the requested dismissal does not actually dismiss any party, accused product or claim from the suit."  *Id.* at 1.  The government states, "RCFC 15 (Amended and Supplemental Pleadings) and/or RCFC 21 (Misjoinder and Nonjoinder of Parties) would be the appropriate avenue(s)[,]" not RCFC 41.  *Id.* at 7.  The government also requests the Court "appropriately condition [Gemalto's dismissal] on its agreement not to object to future discovery requests on the basis that it is no longer a party to this action."  *Id.* at 7–8.  Stated otherwise, the government claims it "would be prejudiced" if Gemalto did not preemptively agree to discovery requests after Gemalto's dismissal.  Def.'s Resp. at 7.  The government seeks a complete version of plaintiff and Gemalto's settlement agreement because "[p]laintiff has not updated its infringement contentions . . . ."  *Id.* at 1.  The government argues plaintiff's failure to provide amended infringement contentions after plaintiff's settlement agreement with Gemalto is "highly prejudicial to the government" without explaining the nature of the government's prejudice or citing any relevant legal authority.  *Id.* at 4.  The government requested the Court deny the motion to dismiss and "require[] [p]laintiff to amend its infringement contentions and produce the entirety of its Settlement Agreement with Gemalto . . . ."  *Id.* at 8.

On 3 June 2022, plaintiff and Gemalto replied to the government's response.  Pl.'s and Gemalto, Inc.'s Reply Supp. Their Stip. Mot. Dismissal Prejudice ("Pl.'s and Gemalto's Reply"), ECF No. 279.  They state dismissal under RCFC 41 is appropriate because "dismissal of Gemalto will result in the withdrawal of all infringement claims that are asserted *directly* at products supplied by Gemalto[,]" but retains outstanding claims against the government "for its acts of combining a licensed Gemalto product with a non-Gemalto product such that it infringes

the asserted method claims . . . ." *Id.* at 2 (emphasis added).  Plaintiff and Gemalto also state plaintiff's "infringement contentions need not be updated at this time because the same asserted patent claims will continue to be asserted against the accused products and components supplied by non-Gemalto entities." *Id.*  Similarly, they claim plaintiff need not update its infringement contentions nor provide the complete settlement agreement because they "have provided all relevant portions of the settlement agreement that explain exactly what products and claims are being dismissed from this action." *Id.*  Plaintiff and Gemalto, also failing to cite any relevant precedent, deny any prejudice to the government regarding discovery demands for three reasons: (1) the government "has the ability to serve discovery on Gemalto even as a dismissed party[;]" (2) "Gemalto has the right to object to discovery under the relevant rules" in response to the government's discovery demands; and (3) "the [g]overnment has not established that such discovery from Gemalto will be necessary going forward." *Id.* at 13–14.

The Court held a substantive status conference regarding the parties' dispute on 7 September 2022.  *See* Order, ECF No. 287.

## II.   Analysis

As a threshold matter, the government opposes the voluntary dismissal of a voluntary intervenor, but readily admits it has no such power to do so.  When asked, the government could cite nothing more than the Court's patent statute, 28 U.S.C. § 1498, to argue an action is not being dismissed in the case.  7 Sept. 2022 Status Conf. Tr. ("Tr.") at 6:20–7:3, 8:5–9 ("I would just, again, point to Section 1498 and say that we don't believe that it's an action that is being dismissed here.  And so . . . we opposed the motion in order to make that point."), ECF No. 289.  The government further failed to cite any relevant precedent supporting their assertion.[1]  Tr. at 16:3–9 (The Court:  "[D]o you agree that there's no case where the government has successfully been able to block a voluntary dismissal and a court has held that that's okay, the government has standing, but the government's acquiescence is necessary?"  The government:  "Your Honor, I'm not aware of such a case.").  The government agrees "[w]e're not saying that we have the standing or the basis upon which to entirely . . . prevent a third party from . . . leaving the case.  We don't have that power and we don't purport to have it."  Tr. at 45:10–14.

Notwithstanding the government's standing—or lack thereof—the government's primary objection to the dismissal is plaintiff's citation of the wrong procedural rule.[2]  Instead of

---

[1] Notwithstanding the government's lack of supporting precedent, Congress's explicit repeal of 41 U.S.C. § 114(b) (1982) indicates the government lacks standing to block the dismissal of a third-party defendant.  Commonly known as the Contract Settlement Act of 1944, § 114(b) granted the government authority to act as a third-party plaintiff and assert claims against a third-party defendant.  In 2011, when § 114(b) was repealed, the government lost the power to unilaterally add third-party defendants to the case.  *See* 41 U.S.C. § 114(b) (1982) (repealed); Public Contracts—Enact Certain Laws, Pub. L. No. 111-350, 124 Stat. 3677, 3855 (2011).

[2] The government, fundamentally, does not object to Gemalto's dismissal—the government only objects to the *rule* used to dismiss Gemalto.  Tr. at 9:5–7 ("We're not saying that [Gemalto] can't voluntarily leave at all and we haven't said that at any point in our briefing."), 13:14–21 ("And so all we're saying is that in that case, it's not an action against the government through Gemalto that's being dismissed, it's an agreement between Gemalto and Giesecke that has been reached, in which case Gemalto wants to leave—and that's fine, but their avenue for doing so is Rule 21, not Rule 41."), 11:21–24 (The Court:  "So the Government's not concerned about if it was a Rule 41 dismissal without prejudice, it's that it's a Rule 41 dismissal versus a Rule 21 dismissal?"  The government:

dismissing under RCFC 41 like plaintiff and Gemalto suggest, the government believes dismissal under RCFC 21 is proper because "a Rule 21 dismissal is [when] a party would simply . . . decide that they're not going to participate in the case anymore and that they're going to provide notice to the Court of that; whereas a Rule 41 [dismissal] . . . means that the portion of the plaintiff's action that flows to the government through the third party defendant's products is being dismissed." Tr. at 10:22–11:3. The government states, here, "the government is still being accused of infringement for using Gemalto's products." Tr. at 13:7–8. The government avers because "a dismissal under Rule 41 would dispose of all of Giesecke's claim against the government that flow through Gemalto" and "plaintiff said not a single claim against the government is being dropped as a result of this agreement[,]" RCFC 21 should be used instead of RCFC 41. Tr. at 13:9–10, 21:10–12.

The government, supporting its proposal of RCFC 21, likens Gemalto's dismissal to former third-party defendant General Dynamics' dismissal without citing any authority. Tr. at 6:15–19 (The Court: "[T]he government believes that 41(a)(2) is improper and that the motion should have been filed similar to the General Dynamics dismissal, which was under Rule 21. Is that correct?" The government: "That's correct, Your Honor."); *see also* Order, ECF No. 247 (dismissing General Dynamics under Rule 21 because General Dynamics "no longer has an interest relating to the property or transaction that is the subject of the above-captioned case." (internal citation omitted)). The government analogizes to General Dynamic's dismissal and states, "dismissal of an action . . . is . . . [when] there will be no more claims against the government that flow to the government through a Gemalto product. And that was the case in the General Dynamics situation." Tr. at 10:10–13. The government, however, never analyzed whether plaintiff's infringement contentions implicated General Dynamics' products.

Plaintiff notes, in response, RCFC 21 is "for a party that was either improperly joined at the beginning or something was wrong that they shouldn't have been there in the first place." Tr. at 25:1–3. "No one is arguing that [Gemalto] improperly intervened or they were not implicated in the complaint or the infringement contentions." Tr. at 25:4–6. Plaintiff also rebutted the government's analogy because General Dynamics' dismissal used Rule 21 where General Dynamics "voluntarily intervened and then told us we're not sure why we're here, we don't know what products are implicated and we essentially made a mistake. . . . [N]o products sold and/or services rendered by [General Dynamics] or their predecessors are implicated in this action." Tr. at 24:17–23. Plaintiff distinguishes Gemalto's dismissal from General Dynamics' dismissal because Gemalto's products were and still are asserted against the government; stated otherwise, plaintiff's "current infringement theories will *not* be impacted by the dismissal of Gemalto" because the government infringes by using Gemalto's products in combination with other non-licensed products. Pl.'s & Gemalto's Reply at 9; *see also* Tr. at 28:2–7 (The Court: "The issue is that it's combination items of Gemalto's products with other products or other systems and that is what prevents the case to go away and then also prevents the infringement contentions from being amended." Plaintiff: "That's correct[.]"). Plaintiff argues because Gemalto's products are implicated in the present case and because General Dynamics' products were never implicated, General Dynamic's dismissal is not analogous.

"Correct."), 45:5–10 (The government: "[W]e're not trying to prevent the removal of a third party. . . . We're saying that Rule 41 is not the proper procedural mechanism under these circumstances for . . . the kind of removal that is sought here.").

Plaintiff, arguing RCFC 41(a)(2) is proper, likens the present dismissal to Unisys' dismissal from this case:  plaintiff states the Unisys readers were implicated by the infringement contentions, generally or explicitly, and the settlement agreement, which dismissed infringement claims against Unisys products, is analogous to the present settlement agreement.  Tr. 26:10–14, 27:24–28:8, 25:10–13 ("Unisys provided readers to the U.S. Government.  Those readers are implicated by our complaint and by our infringement contentions.").  Plaintiff states, "Unisys was dismissed under RCFC 41 after Giesecke and Unisys similarly reached an agreement where Giesecke agreed to license the relevant Unisys products[.]"  Pl.'s & Gemalto's Reply at 12 (*citing* ECF Nos. 134–135).  Plaintiff describes voluntary dismissals as dismissing all claims asserted against a *single* defendant, not all claims against all defendants in the case.  *Id.; see also Mynette Techs., Inc. v. United States*, No. 16-1647 (Fed. Cl.), ECF Nos. 92–93 (granting stipulation and proposed order of dismissal of third-party defendant that was filed by plaintiff and third-party defendant); *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 322 (D.N.M. 2014).  Plaintiff argues Unisys' dismissal was proper under RCFC 41 because all claims against Unisys were dismissed.  *See* Tr. at 26:12–14 ("I look at it as though if the action were only against Unisys, if they were the only defendant, then the action would go away.").

Relying on its unique interpretation of RCFC 41, the government did not oppose the Unisys dismissal under RCFC 41(a)(2) because the government believed "there were no claims against the government being made, combination or otherwise, that implicated Unisys products" after the Unisys dismissal.  Tr. at 51:15–18.  The government "didn't want to make the same mistake with Gemalto" and now opposes the Gemalto dismissal under RCFC 41(a)(2) because the government did not realize its interpretation of Rule 41 was not consistent with Giesecke's interpretation.[3]  *Id.* at 51:22.  The government offers no legal authority in rebuttal.

To assess the sufficiency of the government's argument, the Court interprets RCFC 41(a)(2) using the plain language in conjunction with case law.  RCFC 41(a)(2) states, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  As plaintiff discusses, voluntary dismissals are interpreted in most circuits as dismissing all claims against a single defendant in a multi-defendant suit.  *See, e.g., Donahue v. Fed. Nat'l Mortg. Ass'n*, 971 F.3d 1, 3 ("'an action' under [Federal Rule of Civil Procedure ("FRCP")] 41(a)(1)(A)(i) can refer to all claims a plaintiff has brought against a single defendant in a multi defendant suit rather than only all claims against all defendants in such a suit"), *opinion superseded on reh'g,* 980 F.3d 204 (1st Cir. 2020); *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018) (while discussing an FRCP 41 dismissal, the Fifth Circuit noted, "[i]n a multi-defendant suit, the plaintiff may single out a party for dismissal; in those cases, only the dismissed defendant need sign the stipulation.").  The text of RCFC 41(a)(2), along with persuasive case law, indicates three main reasons for the appropriateness of dismissal under RCFC 41 in the present case:  (1) plaintiff is dismissing all claims brought against Gemalto in a multi-defendant suit; (2) the dismissed

---

[3] Despite the government's "mistake," the government believes a Rule 41 dismissal is beneficial to the government's position—not highly prejudicial as cited in the government's briefs.  Tr. at 21:2–8 (The Court:  "Is it not the case that Gemalto's dismissal with prejudice under Rule 41, isn't that a benefit to the government of less claims against the government?"  The government:  "Your Honor, yeah . . . we definitely think it would be less claims against the government.").

defendant, Gemalto, stipulates to the dismissal; and (3) the government has no standing to object unless asserting a counterclaim.  The Court, pursuant to the text of RCFC 41(a)(2), finds the terms of Gemalto's dismissal proper.

With the government failing to provide any relevant precedent, the Court also uses two exemplary dismissals from its own docket to better understand the present situation:  Unisys' dismissal under RCFC 41(a)(2); and General Dynamics' dismissal under RCFC 21.  Similar to Unisys' dismissal, plaintiff's infringement contentions here directly implicate Gemalto's products; even after Gemalto's dismissal, "the [g]overnment's combination of a licensed Gemalto product with other non-licensed products—subjecting the [g]overnment to continued liability for certain combination claims—should not change the analysis under Rule 41."  Pl.'s & Gemalto's Reply at 13.  General Dynamics' dismissal, where no General Dynamics products were implicated, is immediately distinguishable.  Tr. at 24:21–23 ("[N]o products sold and/or services rendered by [General Dynamics] or their predecessors are implicated in this action.").  Additionally, plaintiff and Gemalto "executed a settlement agreement that specifically provides for an agreed license of Gemalto products."  Stip. Mot. at 1–2.  Plaintiff consequently sought dismissal of all claims asserted against Gemalto's products.  *See id.* at 2.  Plaintiff moved this Court for dismissal on the same grounds in Unisys' dismissal, whereas General Dynamics stated, and plaintiff did not oppose, "none of [General Dynamics'] products or services are implicated in this case" in General Dynamics' dismissal.  Order, ECF No. 247.

The government also objects to Gemalto's dismissal citing discoverability issues.[4]  The government primarily fears Gemalto will use a RCFC 41 dismissal offensively to ignore discovery.  *See* Def.'s Resp. at 7–8.  As Gemalto points out, an RCFC 45 subpoena allows discovery from nonparties while still preserving nonparty objections.  Tr. at 56:16–20 ("There's still a mechanism to get discovery from nonparties.  It's called Rule 45.  It's a Rule 45 subpoena.  You can get discovery from nonparties, but you absolutely have the ability to object to discovery being directed at someone who's not a party to this action.").  In the status conference, Gemalto's counsel stated he "[doesn't] see the scenario where a Rule 41 dismissal, by and of itself, would serve as a basis or the basis that we would use here to object to discovery[.]"  Tr. at 59:18–21.  Gemalto also does not believe "there's any objection to the concept that we would participate in a Rule 45 subpoena subject to . . . appropriate objections."  Tr. at 59:16–18.  The government's discovery concerns are therefore moot.

After comparing the present situation to Unisys' dismissal and General Dynamics' dismissal, this Court finds Gemalto's dismissal analogous to Unisys' dismissal.  Like Unisys' dismissal, Gemalto's products are still implicated in plaintiff's infringement contentions in

---

[4] In response to the government's request to see a complete copy of the settlement agreement, plaintiff indicates the settlement agreement may be discoverable.  Tr. at 54:24–55:14 (The Court: "Plaintiffs agree that . . . as part of future discovery in the case, the government would see a copy of the settlement agreement?"  Plaintiff: "Yes."  The government:  "Your Honor, I want to be clear. . . . [D]id [plaintiff]'s answer relate to a complete copy of the entire settlement agreement?"  The Court: "[Plaintiff], any caveats to that?"  Plaintiff: "[D]iscovery would happen, we would serve our objections and we would produce things subject to those objections.  If there were . . . portions that needed to be redacted, we would, but there would be nothing with respect to the scope of the license that I would see that would be redacted.").

combination claims,[5] whereas plaintiff's infringement contentions never implicated General Dynamics' products.[6]  Tr. at 27:5–13, 51:24–52:3; *see also* Order, ECF No. 135.  The Court grants Gemalto's dismissal with prejudice under RCFC 41(a)(2).[7]

## III.    Conclusion

Accordingly, the Court **GRANTS** the stipulated motion to dismiss Gemalto pursuant to RCFC 41(a)(2), ECF No. 263.  The Court **DIRECTS** the Clerk to **DISMISS** Gemalto, Inc. from this action with prejudice, with each party to bear its own costs, expenses, and attorneys' fees pursuant to a written agreement reached by the parties.  Plaintiff **SHALL SERVE** its amended infringement contentions on or before **4 October 2022** to remove contentions solely implicating Gemalto products.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

[5] The government also objects to plaintiff's infringement contentions, stating plaintiff must amend its infringement contentions pursuant to the settlement agreement.  Tr. at 19:16–20:6.  The government also speculates on the true nature of plaintiff and Gemalto's settlement agreement since the government is "taking Giesecke's word for it."  Tr. at 46:17–20.  Plaintiff states, "Giesecke is prepared to amend the infringement contentions.  Upon . . . entry of a dismissal, we can . . . clarify the scope of the dismissal and that . . . the Gemalto products are . . . licensed."  Tr. at 44:2–9.

[6] As noted, the Court analogizes the present dismissal to the Unisys dismissal under Rule 41, but parties disagree regarding the dismissal of Unisys combination claims and its effect on plaintiff's infringement contentions.  The Court does not opine on the coverage and applicability of the Unisys dismissal.

[7] The Court also sought parties' arguments on dismissal with or without prejudice.  Plaintiff cites Unisys's dismissal from the present case and Rule 41 dismissals of third-party defendants in *Mynette Techs., Inc. v. United States*, No. 16-1647 (Fed. Cl.), ECF Nos. 92–93, and *Univ. of S. Fl. Bd. of Tr. v. United States*, No. 15-1549 (Fed. Cl.), ECF Nos. 95–96.  The government avers the distinction between Rule 21 and Rule 41 is more important than with or without prejudice.  Tr. at 11:21–24 (The Court: "So the government's not concerned about if it was a Rule 41 dismissal without prejudice, it's that it's a Rule 41 dismissal versus a Rule 21 dismissal?"  The government: "Correct.").

- 7 -